UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IAN MICHAEL HUNTER,

                    Plaintiff,

    -against-                                            5:12-CV-1512 (LEK)

CAROLYN W. COLVIN,

                    Defendant.

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Before the Court is an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff Ian Hunter ("Plaintiff") benefits. Dkt. No. 6 at 1-3. Both parties have filed briefs. Dkt. Nos. 12 ("Plaintiff Brief"); 16 ("Defendant Brief"). For the reasons discussed below, the case is remanded to the SSA for reassessment in light of the new medical evidence.

**II.    BACKGROUND**

    **A. Factual History**

Plaintiff, who was thirty-two years old at the time of the Commissioner's decision, Dkt. No. 10-2 at 29,[1] has a history of back and upper extremity impairments and mental conditions, Dkt. No. 1 ("Complaint") at 2. Plaintiff held various jobs before October 15, 2009, the date on which he alleges onset of his disability. Dkt. No. 10-2 at 44-45. Plaintiff testified during the hearing before

---

[1] The pagination corresponds to the page numbers assigned by ECF.

1

the Administrative Law Judge ("ALJ") that, since he injured his back in 2005, he has experienced constant pain that worsens with movement. Id. at 44, 55-56. Consequently, Plaintiff maintains that his medical conditions preclude him from engaging in any gainful work. Compl. at 2.

Plaintiff injured his back on November 15, 2005, while working as a welder for Mile High Metal Works in Frederick, Colorado, which required him to do heavy lifting. Dkt. No. 10-8 at 7. He was twenty-nine years old at the time. Id. On the date of the accident, Plaintiff complained of back pain, and was diagnosed by Jeffrey T. Paulsen, F.N.P., with a back strain. Id. at 86-87. He was prescribed Toradol and Percocet. Id. at 87. A week later, Plaintiff was authorized to return to work by Jonathan Fisher, PA-C, with restrictions that he lift, push, or pull no more than ten pounds and not engage in repeated bending, twisting, reaching, or prolonged sitting. Id. at 79.

On December 22, 2005, Plaintiff underwent an MRI exam, which revealed "minimal early degenerative disc dessication involving the L4-5 disc and minimal L4-5 neural foraminal narrowing, but no evidence of spinal stenosis." Dkt. No. 10-8 at 6. The test did not exhibit any evidence of disc protrusion. Id. The MRI also revealed degenerative changes of the thoracic spine "most marked at T7-8 where broad based disc protrusion leads to mild foraminal narrowing." Id. Subsequently, Plaintiff underwent weekly physical therapy at Back To Action Physical Therapy from March 13, 2006, to June 8, 2006, which included mechanical traction therapy, stretching and stabilization exercises, and aqua therapy. Id. at 165-91.

On February 11, 2009, Plaintiff visited Brea Bond, M.D., and reported that his back pain had worsened and was now radiating to his legs with occasional numbness in his hips. Dkt. No. 10-7 at 10. In April 2009, Dr. Bond ordered an MRI, which revealed a "prominent disc bulge at C6-7, with narrowing of the spinal canal." Id. at 22. In addition, "mild left paracentral disc bulge [was]

2

present" at T7-8.  Id.  In her medical source statement from January 12, 2010, Dr. Bond diagnosed Plaintiff with "[b]ack pain with radiation, [c]ervical disc degeneration, [n]eck pain bilaterally, loss of pinpoint touch to bilateral forearms, and lumbar back pain."  Id. at 25.  She opined that Plaintiff could occasionally lift up to ten pounds, stand or walk up to two hours per day, and sit less than six hours per day.  Id. at 34.

On January 28, 2010, the Division of Disability Determination referred Plaintiff for an orthopedic consultative examination, where Plaintiff showed normal gait and needed no assistance changing for the examination or getting on and off the examination table.  Id. at 38-42.  Plaintiff's hand and finger dexterity were intact, he had five-out-of-five grip strength bilaterally with no cervical or paracervical pain or spasm upon flexing or extension, full range of motion in his left shoulder and mildly decreased motion in the right shoulder, and no significant deficits in his lower extremities.  Id. at 40-41.  The examiner, Roberto Rivera, M.D., opined that Plaintiff had no limitations in his ability to sit, stand, or walk; mild to moderate limitations in lifting, carrying, and pushing; and that overhead reaching with his right arm was moderately restricted.  Id. at 41-42.

### B. Procedural History

Plaintiff filed an application for benefits under Title II and Title XVI of the Social Security Act (the "Act") on October 15, 2009, originally alleging a period of disability beginning December 1, 2008.  Dkt. No. 10-2 at 21.  After a hearing on May 16, 2011, at which Plaintiff amended the alleged onset date to October 15, 2009, the ALJ denied Plaintiff's application.  Id. at 17-20.  The Appeals Council denied Plaintiff's request for review on May 11, 2012, rendering the ALJ's decision the final decision of the Commissioner.  Dkt. No. 6 at 1-3.

### C. The ALJ's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 15, 2009, the alleged onset date. Dkt. No. 10-2 at 23. The ALJ determined that Plaintiff had the following severe impairments: back pain, upper extremity pain, mood disorder not otherwise specified, bipolar disorder, post-traumatic stress disorder, and a personality disorder. Id. at 24. After reviewing all of the evidence, the ALJ found that through June 29, 2011, the date of the ALJ's decision, Plaintiff did not have an impairment, or combination of impairments, that met, or medically equaled, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. The ALJ then considered Plaintiff's credibility, the medical opinions, and other evidence of record, and found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as set forth in 20 C.F.R. §§ 404.1527(b) and 416.927(b), with certain limitations.[2] Id. at 25. Comparing Plaintiff's RFC to his past work, the ALJ found that Plaintiff was unable to perform any past relevant work. Id. at 30. The ALJ then found that considering Plaintiff's age, education, work experience, and RFC, and using the testimony of a vocational expert, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Id. at 28-30. Accordingly, the ALJ found that Plaintiff was not disabled from October 15, 2009, through June 29, 2011, the date of the ALJ's decision. Id. at 30.

---

[2] Specifically, the ALJ found that "[Plaintiff] should not be required to climb ladders and scaffolds; he can lift and carry 10 pounds frequently and 20 pounds occasionally; he can sit at least for one hour at a time and for 6 hours in total out of a day; he can stand/walk at least one hour at a time and for 6 hours in a day; he can occasionally stoop, kneel, crouch, and reach overhead with his right upper extremity; he can at least carry out, understand and remember routine and repetitive but not complex instructions; and he should avoid pubic interaction but could occasionally interact with supervisors and co-workers." Dkt. No. 10-2 at 25.

**III.   STANDARD OF REVIEW**

   **A. Scope of Review**

   A court reviewing the denial of a SSA disability benefits claim may not decide *de novo* whether a plaintiff is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Miller v. Comm'r of Soc. Sec., 409 F. App'x 384, 386 (2d Cir. 2010).  The reviewing court may only determine whether the decision below was based upon legal error or insubstantial evidence.  Id.

   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must sustain it "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992); see also Knighton v. Astrue, 861 F. Supp. 2d 59, 63 (N.D.N.Y. 2012) ("Where the evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").  A court must afford the ALJ's determination considerable deference and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

   **B. Social Security Benefits**

   A claimant is disabled for SSA purposes if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Butler v. Astrue, 926 F. Supp. 2d 466, 474 (N.D.N.Y. 2013) (internal

5

quotation marks and emphasis omitted).  The SSA regulations prescribe a five-step analysis to determine whether a claimant is disabled.  See 20 C.F.R. § 416.920(a)(4)(i)-(v).  On review, a court examines each of the Commissioner's findings of fact to determine if they were supported by substantial evidence.

The five-step analysis is sequential, meaning that the determination at each step dictates whether the analysis proceeds to the subsequent step.  Gennardo v. Astrue, 333 F. App'x 609, 610 (2d Cir. 2009).  The steps assess whether the claimant: (1) is currently working; (2) has a severe impairment, or combination of impairments, that satisfy the duration requirement of the statute; (3) has an impairment, or combination of impairments, listed in or medically equivalent to an impairment listed in Appendix 1 of the regulations; (4) is capable of continuing in her prior type of work; and (5) can do other work.  Butler, 926 F. Supp. 2d at 474-75 (citing Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)); see also Draegert v. Barnhart, 311 F.3d 468, 472 (2d Cir. 2002).

Throughout the first four steps, the burden of proof lies with the claimant.  Butler, 926 F. Supp. 2d at 466.  At the fifth step, however, the burden shifts to the Commissioner to show that "there is other gainful work in the national economy which the claimant could perform."  Ortiz Torres v. Colvin, 939 F. Supp. 2d 172, 180 (N.D.N.Y. 2013) (citing Draegert, 311 F.3d at 472).

## IV.  DISCUSSION

Plaintiff has filed a Motion seeking leave to submit new evidence that was not contained in the administrative record before the ALJ and, in essence, asks the Court to conduct a *de novo* review to find Plaintiff disabled.  Dkt. No. 13.  This is clearly not within the purview of the Court's jurisdiction.  As already stated, the Court may set aside the final decision of the Commissioner only

6

if it is not supported by substantial evidence or if it is based upon an erroneous legal standard. 42 U.S.C. § 405(g). The reviewing court does not conduct a *de novo* review as to whether the claimant is disabled, Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980), nor may it substitute its own judgment for that of the Commissioner, Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991). Assessing Plaintiff's claims of disability and including in that assessment the new evidence proffered by Plaintiff, when such evidence was not in the record at the time the ALJ issued his decision, would amount to a *de novo* review. The Court agrees with Defendant that "Plaintiff seeks to circumvent his burden to prove his case by seeking an unobtainable remedy from this Court . . . by attempting to supplement the transcript." Dkt. No. 16 at 11. Therefore, Plaintiff's Motion for leave to submit new evidence on appeal is denied.

New evidence may, however, provide a basis for a reviewing court to remand the case. The Act provides that a court may order the Commissioner to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To satisfy these requirements, a plaintiff must show that: (1) the evidence is new and not merely cumulative of what is already in the record; (2) the evidence is material; and (3) good cause existed for his failure to present this evidence earlier. Lisa v. Sec'y of Dep't of Health & Human Servs., 940 F.2d 40, 43 (2d Cir. 1991) (quoting Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988)). To be material, the evidence must be "both relevant to the claimant's condition during the time period for which benefits were denied, and probative." Id.; see also Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir. 1975). In addition, "[t]he concept of materiality requires . . . a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application

differently." Id. "'Good cause for failing to present evidence in a prior proceeding exists where the evidence surfaces after the Commissioner's final decision and the claimant could not have obtained the evidence during the pendency of that proceeding." Lisa, 940 F.2d at 44; see also Tolany v. Heckler, 756 F.2d 268, 272 (2d Cir. 1985).

Plaintiff has attached to his Motion for leave to submit new evidence medical records from St. Joseph's Hospital in Syracuse, New York, dating from October 18, 2011, through February 19, 2013, as well as a medical source statement by Kathryn Schlegel, M.D., from March 14, 2013. Dkt. No. 13 at 2. Dr. Schlegel is Plaintiff's primary care physician, employed by St. Joseph's Hospital. Id. The submitted evidence includes clinical findings and opinions from Dr. Schlegel, including a medical source statement that evaluates Plaintiff's ability to do work-related activities, Dkt. No. 12-2 at 2, as well as an abnormal MRI exam report showing a bulging disc at L3-L4, Dkt. No. 13-1 at 54-55.

These two items are "new" evidence, as they did not exist at the time of the administrative hearing. They are material since they concern the time period for which Plaintiff seeks benefits, and there is a reasonable possibility that the new evidence would have impacted the Commissioner's findings regarding Plaintiff's credibility, whether Plaintiff's condition amounts to a disability, and whether Plaintiff has the RFC to perform work. See Cutler, 516 F.2d at 1285.

The Commissioner argues that the new diagnosis is immaterial because it is not evidence of Plaintiff's disability during the relevant time period. Dkt. No. 16 at 11. The Court disagrees. The Second Circuit has held that "when . . . a diagnosis emerges after the close of administrative proceedings that sheds considerable new light on the seriousness of [a claimant's] condition, evidence of that diagnosis is material and justifies remand." Lisa, 940 F.2d at 44; see also Tolany,

756 F.2d at 272 (remanding for consideration of medical report supplying new diagnosis); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856 (2d Cir. 1990) (reversing denial of benefits for failure to give appropriate weight to retrospective diagnosis); Tirado, 842 F.2d at 597 (recognizing possibility that retrospective diagnosis may reveal depth of illness existing but not fully appreciated at time of prior hearing, and remanding to district court to determine in first instance whether evidence should be presented). Therefore, that the medical evidence in this case did not exist until after the ALJ's decision does not necessarily make it irrelevant to Plaintiff's condition during the relevant time period; a new diagnosis, such as bulging discs, and new evidence of the nature of Plaintiff's chronic back pain after the relevant time period may bear on the severity of the condition during the relevant time period. The new evidence may suggest, for instance, that during the relevant time period, Plaintiff's condition was more severe than previously thought. See Pollard v. Halter, 377 F.3d 183, 193-94 (2d Cir. 2004). Finally, good cause exists here because the evidence at issue did not exist at the time of the administrative proceeding. See Lisa, 940 F.2d at 44.

Considering the entire medical record, in conjunction with the two additional items, the Court concludes that remand is proper. Upon remand, the Commissioner is directed to evaluate the evidence, including the two new items, but excluding any new medical documentation created prior to December 25, 2011, to determine whether Plaintiff's medical conditions constitute a disability within the meaning of the Act.[3]

---

[3] Plaintiff also argues that substantial evidence did not support the ALJ's findings that Plaintiff retained the RFC to perform certain types of light work that existed in significant numbers in the national economy. Dkt. No. 12 at 1. However, because the Court remands this case to the SSA for consideration of new evidence, it need not reach Plaintiff's remaining argument.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Commissioner's decision is **VACATED**; and it is further

**ORDERED**, that this case is **REMANDED** for consideration by the SSA in light of Plaintiff's new evidence, consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 13) for leave to submit new evidence is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: September 02, 2014
Albany, New York

Lawrence E. Kahn
U.S. District Judge