UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IAN MICHAEL HUNTER,

        Plaintiff,

 -against-          5:12-CV-1512 (LEK)

CAROLYN W. COLVIN,

        Defendant.

## DECISION AND ORDER

 Before the Court is Plaintiff Ian Michael Hunter's Motion for Award of Attorney's Fees, Dkt. No. 22 ("Motion"), which comes following the Court's Memorandum-Decision and Order vacating the final decision of the Commissioner of the Social Security Administration, Dkt. No. 20 ("Order"). Plaintiff seeks a fees award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which provides that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

 Here, Plaintiff prevailed on a significant issue in this litigation, namely whether the new medical records submitted to the Court were sufficient to justify remand of the case for further consideration. See Order at 8–10. Defendant has not opposed Plaintiff's Motion, see Docket, and the Court has found no evidence suggesting that Defendant's position concerning remand was substantially justified or that special circumstances would make a fees award in this case unjust. The Court also finds that, on the record before it, the other factors required for a fees award under

the EAJA have been met. See, e.g., Dkt. No. 22-1 ("Plaintiff . . . is an individual whose net wor[th] did not exceed two million dollars at the time the action was filed . . . .").

In assessing the reasonableness of a fees request, courts look to the hours worked and the per-hour fee requested. See, e.g., Cornell v. Astrue, No. 08-CV-1021, 2012 WL 4854435, at *2–3 (N.D.N.Y. Oct. 11, 2012) (Kahn, J.). In this case, the hours worked—32.5—are within the reasonable range for social security cases within this district. Dkt. No. 22-3; see Cornell, 2012 WL 4854435, at *3 ("In the Northern District of New York, courts have found that a reasonable time to litigate a routine social security case ranges from twenty to forty hours."). While Plaintiff is correct that the maximum rate cap should be adjusted based on the Consumer Price Index, he is wrong about the date from which inflation should be measured. The relevant dates in this case are 1996 (when the current statutory cap of $125 per hour was set) and 2012 (when Plaintiff first retained counsel for this appeal). Barwari v. Mukasey, 282 F. App'x 896, 898–99 (2d Cir. 2008); Dkt. No. 22-5. The Court estimates the purchasing power of $125 in 1996 dollars to have been $183 in 2012. See Bureau of Labor Statistics, *CPI Inflation Calculator*, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited Sept. 16, 2016).

Using this maximum rate of $183, the Court finds the appropriate fees award to be $5,947.50. When added to the $23.00 request for additional postage expenses (which the Court also finds to be reasonable), the total award amounts to $5,970.50.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 22) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED**, that Plaintiff is awarded $5,947.50 in attorney's fees pursuant to the EAJA; and it is further

**ORDERED**, that Plaintiff is awarded $23.00 in other expenses pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     September 20, 2016
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

3